FILED
97 APR 15 AM 8:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 16 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CORA L. JONES,            )
                          )
      Plaintiff,          )
                          )
vs.                       )   CIVIL ACTION NUMBER
                          )
UNIVERSAL UNDERWRITERS LIFE )     96-C-0448-W
INSURANCE COMPANY,        )
                          )
      Defendant.          )

**MEMORANDUM OF OPINION GRANTING CLASS CERTIFICATION**

In this diversity case, plaintiff Cora Jones alleges that by basing some of its credit life insurance premiums on the gross indebtedness of the borrower and failing to disclose the relevant facts to its insureds, defendant Universal Underwriters Life Insurance Company (UULIC) has fraudulently suppressed its violation of Alabama's Mini-Code, § 5-19-20, Ala. Code (1975). Plaintiff seeks to represent a class of similarly situated borrowers who purchased credit life insurance from UULIC. For the reasons which follow, this Court concludes that she has satisfied the requirements of F.R.Civ.P. 23(a) and 23(b)(3).[1]

---

[1] Rule 23. Class Actions

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses



I

In August 1993, plaintiff bought a new Ford Escort automobile from Mike Junkin Ford, Inc., in Carrollton, Alabama. In connection with the financing of the car, plaintiff purchased credit life insurance from UULIC, the $444.44 premium for which was based on the gross, rather than net, indebtedness of her loan.

UULIC contends that plaintiff Jones has not satisfied the numerosity requirement of Rule 23(a) because the members of the putative class are not "readily identifiable." But it acknowledges that "[b]etween 1991 and 1995 alone, UULIC sold approximately 14,000 certificates of credit life insurance, some of which provides net coverage and some of which provide gross coverage."

---

of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

    (b) Class Actions Maintainable. Any action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

    . . . .

    (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

UULIC's Brief ("UB"), p. 6. No one seriously doubts that there are at least a thousand members of the class. Resort to records of UULIC and of the involved automobile dealerships will surely reveal the precise identities of the putative class members. Plaintiff has shown that members of the class are so numerous that joinder is impracticable. At this point, she is required to do no more.

UULIC concedes the existence of common factual and legal issues. Its position that plaintiff's claims are not typical of those of the putative class is devoid of any factual or legal basis.

UULIC asserts that plaintiff's interests are antagonistic to many of the class members. The argument is based on the speculation, as opposed to the evidence, that the interest of some of the class members are better served by gross coverage. For example, the estates of borrowers who were delinquent in their loan payments and whose late charges were added to the principal balance of their loans may find that the net coverage benefit is insufficient to pay off the loan at the death of the borrower. But the only evidence bearing on the issue shows that less than one percent (1%) of borrowers fall into this category. Presumably, such class members would opt out of the class. The Court finds therefore that the interests of the vast majority of the class are not antagonistic to those of the plaintiff. Plaintiff is an adequate representative of the class.

II

Having concluded that plaintiff meets all of the requirements of Rule 23(a), the court now considers plaintiff's compliance with the requirements of Rule 23(b)(3).

Common factual questions predominate over questions affecting only individual members of the putative class in this suppression case. To prevail on the claim, plaintiff must prove, inter alia, that UULIC was under a duty to disclose the relevant facts concerning gross and net coverage. Factors such as the advantages and disadvantages of gross versus net coverage, the relative knowledge of UULIC and putative class members, the relative bargaining position of UULIC and the putative class members, are more likely to be common to all class members rather than focused on individual class members.

Further, a class action is superior to the other available methods for the fair and efficient adjudication of this case. UULIC's argument to the contrary is unconvincing.

III

Ordinarily, the putative class would be limited to persons who bought credit life insurance from UULIC within two years of the filing of this action in 1994. Section 6-2-38, Alabama Code (1975). But since suppression is the gravamen of the class complaint, the cause of action did not accrue until the fraud

4

was actually discovered, or in the exercise of reasonable diligence, should have been discovered.

Plaintiff argues that Alabama's 20-year Rule of Repose should apply. <u>Oehmig v. Johnson</u>, 638 So.2d 848, 849 (Ala. 1994). UULIC disagrees for completely good reasons. It says the two year statute should apply.

While the court is reluctant to inquire deeply into the merits of UULIC's statute of limitations defense against the claims of various members of the class, it is necessary to establish a time period for class membership. Each member of the class had/has a 5-year or less UULIC insurance policy. It appears to the court that at least within two years of the termination of an insurance policy, a reasonable insured should have discovered all applicable facts concerning its relevant terms.

Accordingly, class membership will be limited to those persons who purchased a credit life insurance policy within seven years preceding the filing of this action.

By separate order, this action shall be certified as a class action.

DONE this _____14th_____ day of April, 1997.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON